# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT L. BARGA,

     Petitioner,      :   Case No.  3:19-cv-250

  - vs -             District Judge Thomas M. Rose
                Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
 Pickaway Correctional Institution,

                :

     Respondent.

---

# REPORT AND RECOMMENDATIONS

---

  This action pursuant to 28 U.S.C.  § 2254 for a writ of habeas corpus is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 4), the Return of Writ (ECF No. 5), and the Reply (ECF No. 9).

  Petitioner has also filed an Objection to the completeness of the Respondent's Answer (ECF No. 10).  While this objection should have been included in the Reply, the Magistrate Judge will consider it on the merits.  Having reviewed the Return of Writ, the Court finds it complies with the Order for Answer by raising appropriate defenses to the claims Petitioner has made

## Litigation History

  Barga was indicted by the Shelby County, Ohio, grand jury in January 2017 and charged with one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code §

2923.32 (Count 1), three counts of forgery in violation of Ohio Revised Code § 2913.31(A)(3) (Counts 2-4), and one count of possessing criminal tools in violation of Ohio Revised Code § 2923.24 (Count 5). He was found guilty of all charges at trial and sentenced to concurrent prison terms of seven years on count one and eleven months each on the other counts. He appealed, claiming there was insufficient evidence to convict on Counts Two, Three, and Four and that the convictions on Counts Two and Three were against the manifest weight of the evidence. The Third District Court of Appeals affirmed the convictions on July 16, 2018. *State v. Barga*, 2018-Ohio-2804 (3d Dist. Jul. 16, 2018). Barga did not appeal to the Supreme Court of Ohio.

On October 22, 2018, Barga filed an application to reopen his direct appeal under Ohio R. App.P. 26(B) to raise four claims of ineffective assistance of appellate counsel. The Third District denied that application on December 3, 2018, and his application for reconsideration on January 7, 2019. On January 22, 2019, Barga filed an appeal in the Supreme Court of Ohio pleading two propositions of law related to his pattern of corrupt activity conviction, but the Supreme Court declined to exercise jurisdiction. *State v. Barga,* 155 Ohio St. 3d 1414 (2019). Barga's state habeas corpus petition, filed directly in the Supreme Court, was also unsuccessful.

Barga next filed his instant Petition, pleading the following four grounds for relief:

> **Ground One**: The trial court violated the Petitioner's rights to due process of law and fair trial when the indictment was insufficient to charge the offense and absence of sufficient evidence the Petitioner was found guilty of Engaging in a pattern of Court Activity Violating the Petitioner's Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio constitution.

> **Supporting Facts:** The indictment failed to include necessary elements of the E.P.C.A offense, ("proceeds element"). As it pertained to the Petitioners case, required for a conviction of the E.P.C.A. offense. By doing so, the State lacked sufficient evidence to convict the Petitioner of E.P.C.A, nor did the Forgery offense

2

contained in the indictment exceed one thousand dollars to be guilt of the E.P.C.A offense.

**Ground Two**: The trial court lacked subject matter jurisdiction and lacked statutory authority to convict the Petitioner of violating R.C. 29.23.32 when the trial court failed to charge the jury of the proceeds element and applicable law of the "corrupt activity" statute under R.C. 2923.31 (I)(2)(c), as it pertains to the Petitioner's case as required for a conviction Engaging in a pattern of corrupt activity. The trial court removed the States burden of proof by failing to present the jury the required proceeds element and applicable law of corrupt activity under R.C. 2921.31 (I)(2)(c), preventing the jury to act as the fact finder. As a result, the trial court violated the Petitioners rights to a fair trial and due process of law guaranteed him under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

**Supporting Facts:** The trial court gave the jury errorous [sic] definition of corrupt activity that was designed to mislead the jury. The trial court failed to instruct the jury on the Corrupt Activity status that is required before a conviction of the E.P.C.A. offense can be obtained.

**Ground Three**: The trial court violated the Petitioner's right to effective Assistance of counsel, and confrontation of adverse witnesses, when the Petitioner was found guilty of E.P.C.A and violated his right to due process of law and fair trial, violating the Petitioners Fifth and Fourteenth Amendments to the U.S. Constitution, Article I Section 10 of the Ohio Constitution, and his Sixth Amendment to the U.S. Constitution, Article I section 16 of the Ohio Constitution.

**Supporting Facts**: The trial court filed an order granting the Defense a Bill of Particulars and ordered the Shelby County prosecutor to furnish the Petitioner with a Bill of particulars. The Bill of Particulars was necessary for a proper defense where the indictment was insufficient. The Shelby County prosecutor failed to furnish the bill of particulars as the trial court ordered. The Petitioners trial counsel was ineffective by forcing the Petitioner to trial without compelling the Shelby county prosecutor to furnish the bill of particulars preventing him from knowing the nature and conduct of the offense charged and preventing him from a proper defense. Also the Petitioners trial counsel was ineffective by allowing the prosecutor to commit misconduct by allowing the States witnesses to testify falsely and commit perjury on the stand

3

in regards to their plea negotiations, effecting [sic] the effectiveness of the cross examination, confrontation of adverse witnesses.

**Ground Four**: The trial court lacked subject matter jurisdiction to convict the Petitioner without statutory authority when the indictment failed to charge the offense of Engaging in a pattern of corrupt activity, (count I in the indictment), in violation of R.C. 2923.32. The trial court violated the Petitioners right to a fair trial and due process of law guaranteed him under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and under Article I section 10 and 16 of the Ohio Constitution.

**Supporting Facts:** This claim is essentially the same as claim number one except without the "absence of sufficient evidence" and the Petitioner claims that that the conviction was void due to the trial courts lack of subject matter to convict the Petitioner of E.P.C.A, when the indictment fails to charge the offense. The indictment failed to charge the offense by failing to include the "required "corrupt activity offenses" necessary for a conviction of the E.P.C.A offense.

(Petition, ECF No. 1, PageID 5-9).

Respondent concedes that the Petition was timely filed.

# Analysis

## Ground One:  Insufficient Indictment

In his First Ground for Relief, Barga claims the indictment on the engaging in corrupt activity count was insufficient to charge that offense, violating his due process rights under the Fifth and Fourteenth Amendments and under Article I, § 16 of the Ohio Constitution.

Barga includes claims of violation of Article I, § 16, in all four of his Grounds for Relief. Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith*

*v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar concurring). Because Ohio constitutional violations are not cognizable in federal habeas, no analysis will be devoted to those claims in this Report.

Respondent's Answer defends Ground One on the basis that there is no federal constitutional right to grand jury indictment which is applicable to the States, citing, *Hurtado v. California*, 110 U.S. 516 (1884). To the same effect are *Branzburg v. Hayes,*408 U.S. 665 (1972), and *Gerstein v. Pugh,* 420 U.S. 103 (1975). Barga argues the Fifth Amendment is applicable to the States by incorporation into the Fourteenth (Reply, ECF No. 9, PageID 1250). While that is true of most of the Bill of Rights and even some portions of the Fifth Amendment (e.g., the Just Compesnation Clause), the Supreme Court has recently confirmed that the grand jury requirement has not been incorporated. *McDonald v. Chicago*, 561 U.S. 742 (2010).

Barga makes it clear in his Reply that he is not challenging the grand jury proceedings, but rather the content of the indictment. He asserts Count One did not include the essential elements of engaging in a pattern of corrupt activity, thereby violating his due process right to fair notice of the charges against him (Reply ECF No. 9, PageID 1249-54). He concedes that stating an offense in the words of the statute is ordinarily enough, but he claims that here the acts of corrupt activity were required to be included.

Count I of the indictment reads:

COUNT I - ENGAGING IN A PATTERN OF CORRUPT
ACTIVITY- O.R.C. Section 2923.32 - F-2

> During the time period of May 1, 2016 through December 15, 2016,
> did in this County violate Ohio Revised Code Section 2923.32, in
> that he, employed by or associated with, any enterprise, did conduct
> or participate in, directly or indirectly, the affairs of the enterprise
> through a pattern of corrupt activity or the collection of an unlawful
> debt, to wit: he was involved in an enterprise which was engaged in
> the producing and disseminating of counterfeit money, being a
> felony of the second degree.

(State Court Record, ECF No. 4, PageID 108.)

It is unclear to the Magistrate Judge what notice Barga believes he was not given by the indictment which plainly says he engaged in a pattern of corrupt activity by producing and disseminating counterfeit money.  It may be that he believes the State had to plead particular times, dates, places, and denominations of counterfeit currency.  He relies on *State v. Roberson*, 2003-Ohio-4627 (3rd Dist. 2003), but it does not support his claim.  There the court of appeals found that charging in separate counts offenses that qualified under the corrupt activity statute was sufficient notice, given that a bill of particulars was provided.  In this case as well, Counts II, III, and IV charged possession of counterfeit currency, which are qualifying offenses under the pattern of corrupt activity statute.  There is no requirement of federal constitutional law that these offenses be labeled in the indictment as "corrupt activity offenses."  His reliance on *State v. Lightner*, 2009-Ohio-2307 (3rd Dist. 2009), is also misplaced; that case involved the sufficiency of the evidence of a pattern of corrupt activity, not the sufficiency of the indictment.

Respondent argues, in addition to the merits, that Ground One is procedurally defaulted by Barga's failure to raise it in either the trial court or on direct appeal.  The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an adequate and independent state

> procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*);

*Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>             . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

The State of Ohio has a procedural rule requiring that asserted defects in an indictment be raised before trial. Ohio R.Crim.P. 12(C)(2). This rule is regularly followed and enforced by the Ohio courts and undoubtedly would have been enforced against Barga if he had raised the claim on direct appeal. Because he did not, he committed a second procedural default in that Ohio requires that claims which can be adjudicated on the face of the appellate record must be raised there or they are barred from later consideration by *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and

independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

It may also be that Barga is claiming there was insufficient evidence to support his conviction on Count One because the amounts of counterfeit money associated with the forgery did not, he claims, total over one thousand dollars. This claim is also procedurally defaulted because Barga did not include it with the insufficient evidence claim he raised on direct appeal and because he never appealed directly to the Supreme Court of Ohio.

Barga offers no excusing cause and prejudice to overcome his procedural defaults. Therefore Ground One should be dismissed on this basis as well.

**Ground Two: Erroneous Jury Instructions on Corrupt Activity Count**

In his Second Ground for Relief, Barga claims the trial court erred in improperly instructing the jury on the elements of the pattern of corrupt activity count, specifically by not instructing on the proceeds element.

Respondent defends the Second Ground for Relief on the merits by asserting that errors in jury instructions rarely rise to the level of federal constitutional violations and by asserting the claim is procedurally defaulted by failure to raise it in the trial court or on direct appeal to either the Third District or the Supreme Court of Ohio.

Barga responds that the instructions actually given deprived him of due process and a fair trial because they omitted the requirement that the total of the proceeds of the corrupt activity acts

must exceed one thousand dollars (Reply, ECF No. 9, PageID 1260-61). The definition of "corrupt activity" given by the trial judge was: "Corrupt activity includes engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in any violation of forgery. (Trial Transcript, State Court Record, ECF No. 4-1, PageID 1181.) Barga's theory is that this instruction is in error because the definition of corrupt activity in Ohio Revised Code § 2923.31(I)(2)(c) applies to his case.

Assuming for the sake of argument that Barga's theory is correct, he cites no place in the record where his counsel requested an instruction that included the definition of corrupt activity in Ohio Revised Code § 2923.31(I)(2)(c) or where his trial counsel objected to its omission after the instructions had been read. Nor was the omission of this definition raised as an assignment of error on direct appeal. Nor did Barga appeal directly to the Supreme Court of Ohio on any issue.

Respondent is correct that errors in jury instructions rarely rise to the level of constitutional violations. In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair. *Waddinngton v. Sarausad,* 555 U.S. 179, 192-94 (2009); *Henderson v. Kibbe,* 431 U.S. 145 (1977). The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62 (1991), *quoting Cupp v. Naughten*, 414 U.S. 141 (1973). The category of infractions that violate fundamental fairness is very narrow. *Levingston v. Warden*, 891 F.3d 251 (6th Cir. 2018); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990).

To show these instructions are unconstitutional, Barga relies on *Gall v. Parker*, 231 F.3d

265 (6ᵗʰ Cir. 2000), and *Carella v. California,* 491 U.S. 263 (1989). In *Gall* the Sixth Circuit enforced the rule in *Lockett v. Ohio*, 438 U.S. 586 (1978), that a jury in a capital case must be allowed to consider all relevant mitigating evidence. In *Carella* the Supreme Court relied on and applied earlier law to the effect that giving a jury a conclusive or mandatory presumption on an element of a criminal charge violates a defendant's due process right to have the jury decide every element beyond a reasonable doubt as required by *Jackson v. Virginia*, 443 U.S. 307 (1979). This is not a capital case, so the *Lockett* rule does not apply. Nor did the trial judge give an instruction which included a mandatory or conclusive presumption.

Barga seeks to preserve this Ground for Relief as well as Ground Four from procedural default by asserting that he raised them in his state habeas corpus petition filed in the Supreme Court of Ohio and that court did not cite procedural grounds for its dismissal (Reply, ECF No. 9, PageID 1268). For the reasons given in discussing "form entries" under Ground Three below, the summarily dismissed state habeas petition did not resurrect claims already procedurally defaulted by failure to present them on direct review.

Attempting to avoid procedural default, Barga also relies on *Stojetz v. Ishee,* 389 F. Supp. 2d 858 (S.D. Ohio 2005). In that capital case, Judge Gregory Frost of this Court declined to decide whether Stojetz had procedurally defaulted a claim related to voir dire by not raising it on direct appeal because he later defaulted by not properly appealing from denial of his post-conviction petition. *Id.* at 885-86. The *Stojetz* opinion thus applies the test from *Maupin, supra*, to dismiss a claim as procedurally defaulted.

In sum, if the instructions given were erroneous, Barga has not shown the error rises to the level of denying him a constitutional right. Moreover, the claim is procedurally defaulted by failure to present it to the trial court, the Third District, or the Supreme Court of Ohio. Ground

Two should be dismissed on the merits and as procedurally defaulted.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Barga asserts he received ineffective assistance of trial counsel when his trial attorney failed (1) to enforce the trial court's order for a bill of particulars and (2) permitting prosecutorial misconduct in the form of allowing false testimony and perjury from State's witnesses.

Respondent asserts Ground Three is procedurally defaulted because it could have been raised on direct appeal, being evident from the face of the record, but was not (Return, ECF No. 5, PageID 1234-36).

Barga replies that a procedural default is established only if the last reasoned state court decision relied on the relevant state procedural rule and the Third District did not do so in denying his Application to Reopen under Ohio R.App.P. 26(B)(Reply, ECF No. 9, PageID 1262, citing *Coleman v. Thompson*, 501 U.S. 722 (1991); *Harris v. Reed,* 489 U.S. 255 (1989); and Y*lst v. Nunnemaker*, 501 U.S. 797 (1991).

The only claims that can be raised in a 26(B) application are claims of ineffective assistance of appellate counsel. Filing a 26(B) application does not bring before the appellate court the underlying claims, the predicates, for the ineffective assistance of appellate counsel claims. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*,668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule

26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.* Barga is correct that the Third District did not deny his 26(B) Application on procedural grounds, but rather on the merits. See *State v. Barga*, Case No. 17-17-14 (3rd Dist. Dec. 3, 2018)(copy at State Court Record, ECF No. 4, PageID 253-54. But that decision in no way rules on the merits of his underlying claims of ineffective assistance of trial counsel.

Barga claims that the last relevant state court decision is that of the Supreme Court of Ohio denying review and its states no procedural ground for its decision. The decision in question is the Supreme Court's form entry denying review of the denial of Barga's 26(B) application (See Judgment Entry, State Court Record, ECF No. 4, PageID 338). Where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Thus the unexplained decision of the Supreme Court of Ohio to deny review is an exception to the rule in *Ylst*, or rather an instance of enforcing its direction that habeas courts look to the last reasoned state court decision.

Because Barga has never presented these claims to the Ohio courts, they have never had occasion to enforce the *res judicata* bar. But a habeas petitioner cannot avoid a procedural default by never giving the state courts an opportunity to enforce it. As noted above, the *res judicata* doctrine of *State v. Perry* is well established and regularly enforced. There is no doubt that if Barga now presented these claims to an Ohio court, the rule would be enforced against him.

Barga asserts he has preserved his bill of particulars claim by raising it in his motion for

reconsideration of his 26(B) application (Reply, ECF No. 9, PageID 1266).  Assuming without deciding that a claim of ineffective assistance of appellate counsel not raised in a 26(B) application can be preserved by raising it in a motion to reconsider a decision on the 26(B), that is all that is preserved, not the underlying claim of trial error or ineffective assistance of trial counsel.

Ground Three should also be dismissed as procedurally defaulted.


**Ground Four:  Lack of Subject Matter Jurisdiction**


In his Fourth Ground for Relief Barga claims the Shelby County Court of Common Pleas lacked subject matter jurisdiction because the indictment did not charge an offense because it failed to include the required corrupt activity offenses.

Respondent asserts this Ground for Relief is procedurally defaulted for failure to present it to the trial court, the Third District, and the Supreme Court of Ohio on direct review (Return of Writ, ECF No. 5, PageID 1238-42).  For reasons given above as to other Grounds for Relief, this procedural default defense is well taken.

Moreover, Ground Four is without merit.  In Ohio it is the Common Pleas courts who have trial jurisdiction over felony offenses and all the charges in the Indictment were of felonies, so Barga is not claiming some other court had jurisdiction.  Instead, his claim is that omission of an element of the crime of engaging in a pattern of corrupt activity prevented the Shelby County Common Pleas Court from exercising its felony trial jurisdiction in this case.

Barga presents no authority for the proposition that omission of an element renders an indictment void and deprives the court of jurisdiction.  While that theory had some purchase in Ohio law for a time, it is no longer valid.  In *State v. Colon*, 118 Ohio St. 3d 26 (2008)("Colon I"),

the Ohio Supreme Court held that omission of an essential element from an indictment is a structural error not subject to harmless error analysis, but never suggested that this deprived the Common Pleas Court of jurisdiction. On reconsideration, the Ohio Supreme Court held *Colon I* is prospective only in its application and the syllabus in *Colon I* is confined to the facts of that case. *State v. Colon*, 119 Ohio St. 3d 204 (2008)(*Colon II*). *Colon I* was decided April 9, 2008; *Colon II* was decided July 31, 2008.

"[W]hen an indictment fails to charge a *mens rea* element of the crime but tracks the language of the criminal statute describing the offense, the indictment provides the defendant with adequate notice of the charges against him and is, therefore, not defective. ... *Colon I* is overruled, and *Colon II* is overruled to the extent that it holds such an indictment is defective. Further, we hold that failure to timely object to a defect in an indictment constitutes waiver of the error. Crim. R. 12(C)(2)(objections to defect in indictment must be raised before trial). Any claim of error in the indictment in such a case is limited to plain-error review on appeal. *State v. Frazier* (1995), 73 Ohio St. 3d 323; Crim. R. 52(B)." *State v. Horner*, 126 Ohio St. 3d 466, 473 (2010).

Finally, Barga's Ground Four lacks merit because his "sufficient proceeds" requirement is not an element of the offense. Assuming that the State was relying on aggregating the proceeds of the felonies to establish guilt, a request to instruct on the meaning of "corrupt activity" in this case would have been well taken. But the definition of corrupt activity on which Barga relies is in the definitions portion of the statute, and not in Ohio Revised Code § 2931.32.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be

dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that May be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.


December 26, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge



## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.