# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT L. BARGA,

        Petitioner,     :     Case No. 3:19-cv-250

- vs -                 District Judge Thomas M. Rose
                            Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
   Pickaway Correctional Institution,

                                            :
        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendations recommending dismissal of the case (ECF No. 12). District Judge Rose has recommitted the case to the Magistrate Judge for reconsideration in light of the objections (ECF No. 16).

The Petition pleads four grounds for relief, but Barga has withdrawn Ground Four. (Objections, ECF No. 15, PageID 1297.) Only the first three grounds require reconsideration in this Supplemental Report.

**Ground One: Insufficiency of the Indictment and of Evidence of Engaging in a Pattern of Corrupt Activity**

In Ground One, Barga asserts the indictment for engaging in a pattern of corrupt activity was insufficient to charge an offense and the evidence presented on that charge was insufficient

1

for conviction. (Petition, ECF No. 1, PageID 5.) The Report found that Ground One failed to state a claim on which habeas corpus relief could be granted. (Report, ECF No. 12, PageID 1282-83.) The Magistrate Judge also concluded, based on Respondent's argument, that Barga had procedurally defaulted Ground One by not raising his objections in either the trial court or on direct appeal. *Id.* at PageID 1284-86. To the extent Ground One raised a claim of insufficient evidence, the Report found that claim was also procedurally defaulted because not raised on direct appeal to either the court of appeals or the Supreme Court of Ohio. *Id.* at PageID 1286.

In his Objections, Barga confirms that he is raising both claims – insufficient indictment and insufficient evidence. He then asserts that "the 6th circuit has stated that they cannot find Ohio's contemporaneous objection rule is regularly followed or enforced where the petitioner alleges that the indictment fails to charge an offense." Barga provides no citation of authority for that proposition and the Magistrate Judge is unaware of any Sixth Circuit authority to that effect.

To the contrary, Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — has been repeatedly held by the Sixth Circuit to be an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir.

2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010), *cert. denied*, 562 U.S. 876 (2010).

In its procedural default analysis, the Report recited the four prongs of the test from *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), which this Court is required to use in evaluating procedural default defenses:

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> **Once** the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Id.* at 138 (emphasis supplied). Having analyzed the first three prongs, the Report noted that "Barga offers no excusing cause and prejudice to overcome his procedural defaults." (ECF No. 12, PageID 1286.)

Barga, however, believes the word "once" means that only after the Court[1] has determined that the first three prongs of *Maupin* are satisfied does a petitioner have to make a showing of cause and prejudice (Objections, ECF No. 15, PageID 1298). To the contrary, *Maupin* and its progeny prescribe a logical sequence for deciding a procedural default defense, not a temporal one

---

[1] Apparently meaning here the District Judge because the Magistrate Judge has already concluded in the Report that the first three prongs of *Maupin* are satisfied.

in which there is a break in the proceedings and a petitioner is given another opportunity to show cause and prejudice. The time for a habeas petitioner to demonstrate cause and prejudice is when the procedural default defense is raised.

Having failed to do so before now, Barga then proceeds to argue cause and prejudice. As to his insufficiency of the indictment claim, he asserts it was ineffective assistance of appellate counsel for his appellate attorney not to raise this as an assignment of error. Barga presented that claim to the Third District Court of Appeals in his 26(B) Application and the court rejected it on the merits. (Judgment Entry, State Court Record, ECF No. 4, PageID 253-54.) This Court must defer to that decision unless Barga can show it was an objectively unreasonable application of clearly established United States Supreme Court precedent, in this case *Strickland v. Washington*, 466 U.S. 668 (1984), as it applies to ineffective assistance of appellate counsel claims.

To evaluate a claim of ineffective assistance of appellate counsel, a court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, citing *Wilson.*

As noted in the Report, the claim that the indictment was defective would not have prevailed on appeal because it had not been preserved for appeal (ECF No. 12, PageID 1285, citing Ohio R.Crim.P. 12(C)(2) which requires that asserted defects in an indictment must be raised before trial.) Barga could have attempted to excuse the failure to raise this claim in the trial court by asserting it was the result of ineffective assistance of trial counsel. But to show the deficient performance prong of *Strickland* as to his trial attorney, Barga would have had to demonstrate there was merit in his defective indictment claim.

In the Report, the Magistrate Judge stated, "It is unclear to the Magistrate Judge what notice Barga believes he was not given by the indictment which plainly says he engaged in a pattern of corrupt activity by producing and disseminating counterfeit money." (ECF No. 12, PageID 1283.) Barga objects that:

> The indictment did not say that Mr. Barga engaged in a pattern of corrupt activity by producing and disseminating counterfeit money. It said Mr. Barga engaged in a pattern of corrupt activity by being involved in an enterprise that was engaged in the producing and disseminating of counterfeit money (See the Shelby County Indictment). The indictment did not specifically state that Mr. Barga himself committed an offense to sufficiently receive [sic] notice of the charges against him.

(Objections, ECF No. 15, PageID 1299.)

Barga elaborates this claim by arguing that the State convicted him on the basis of testimony of witnesses who said

> Mr. Barga has been counterfeiting money on different occasions, and printed thousands of dollars['] worth of counterfeit money. However Mr. Barga was not notified of any unindicted forgery offenses nor was he notified of any other unindicted offenses that pertained to the producing or disseminating of counterfeit money that he must defend himself against. Under the Due Process Clause, the indictment must contain the offenses the State intends to use to support their conviction. The State violated Mr. Barga's rights to due process of law by convicting him on the incidents that the codefendants testified to without notifying Mr. Barga, in the indictment, that those were the incidents of corrupt activity that they were using to support their conviction of E.P.C.A. [engaging in a pattern of corrupt activity].

*Id.* at PageID 1300.

Count I of the indictment reads:

> COUNT I - ENGAGING IN A PATTERN OF CORRUPT ACTIVITY- O.R.C. Section 2923.32 - F-2 [sic]
>
> During the time period of May 1, 2016 through December 15, 2016, did in this County violate Ohio Revised Code Section 2923.32, in

5

> that he, employed by or associated with, any enterprise, did conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt, to wit: he was involved in an enterprise which was engaged in the producing and disseminating of counterfeit money, being a felony of the second degree.

(State Court Record, ECF No. 4, PageID 108.)

*Russell v. United States*, 369 U.S. 749 (1962), holds the sufficiency of an indictment for a federal crime is to be measured by the following criteria:

> These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet," and, secondly," in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

*Id*. at 763-64, *quoting Cochran v. United States*, 157 U.S. 286, 290 (1895). While the right to grand jury indictment has not been extended to the States, these criteria are applicable as a matter of due process. *Valentine v. Konteh,* 395 F.3d 626, 631 (6th Cir. 2005), *citing De Vonish v. Keane,* 19 F.3d 107, 108 (2nd Cir. 1994); *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992); see also *Isaac v. Grider*, 211 F.3d 1269 (6th Cir. 2000); *Parks v. Hargett,* 1999 U.S. App. LEXIS 5133, 1999 WL 157431, at *3 (10th Cir. 1999).

Count One of the Indictment charges engaging in a pattern of corrupt activity offense in the words of the statute and then adds the dates and the object of the enterprise. Barga cites no authority for the proposition that each incident of allegedly corrupt activity must be pleaded in the indictment; he merely asserts that this is the law. Because the indictment was not defective, it was not ineffective assistance of trial counsel to fail to claim it was defective and not ineffective assistance of appellate counsel to fail to raise ineffective assistance of trial counsel in this regard on direct appeal. Barga has not shown excusing cause and prejudice for failure to raise this claim

in the trial and appeals court.

Barga has also offered nothing – not even conclusory argument -- with respect to his procedural default in failing at all to appeal to the Supreme Court of Ohio. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

The second part of Ground One is Barga's claim that there was insufficient evidence presented to support a conviction of engaging in a pattern of corrupt activity. The Report found this claim was also procedurally defaulted by failure to raise it on direct appeal, either to the Third District or to the Supreme Court of Ohio (Report, ECF No. 12, PageID 1286).

Barga objects that the evidence was insufficient because the incidents that comprised the alleged pattern of corrupt activity were not charged in the indictment (Objections, ECF No. 15, PageID 1302). To put it another way, Barga is asserting that the State was not allowed to prove incidents of corrupt activity without including each of them in the indictment. He offers the same excusing cause and prejudice for this part of Ground One as for the defective indictment part and it is unpersuasive for the same reasons, including lack of appeal to the Supreme Court of Ohio.

The gist of Barga's argument here is summed up by his claim, "The State convicted Mr. Barga of E.P.C.A. by the use of evidence not presented to the grand jury." (Objections, ECF No. 15, PageID 1300.) But that is almost always the case in the American criminal justice system. The State's burden before the grand jury is to prove to the satisfaction of a majority of that body that there is probable cause to believe a defendant has committed a particular offense. At trial, of course, the State must persuade all the members of the jury beyond a reasonable doubt. It has never been accepted as a proposition of constitutional law that the state is limited at trial to the evidence it presented to the grand jury.

In general Barga seems to be arguing that the indictment has to serve the full function of notifying a defendant what he will face at trial. But at least since adoption of the Ohio Rules of Criminal Procedure on July 1, 1973, Ohio criminal practice has provided a defendant with a broad right to pre-trial discovery of the prosecution's case.

**Ground Two: Erroneous Jury Instructions on Corrupt Activity Count**

In his Second Ground for Relief, Barga claims the trial court erred in improperly instructing the jury on the elements of the pattern of corrupt activity count, specifically by not instructing on the proceeds element.

The Report recommended dismissal of this Ground for Relief as procedurally defaulted because (1) trial counsel never requested the instruction Barga believes was required; (2) trial counsel did not object to the instruction as given; (3) the issue was not raised on appeal to the Third District; and (4) the issue was never raised on direct appeal to the Supreme Court of Ohio (ECF No. 12, PageID 1287).

Barga objects[2] that the default is excused on the same basis as Grounds One and Three: ineffective assistance of appellate counsel. The same analysis given to those two claims also applies to Ground Two.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Barga asserts he received ineffective assistance of trial

---

[2] Barga argues Ground Two out of order in his Objections (ECF No. 15, PageID 1304-05).

2254(d)(1)2254(d)(1) counsel when his trial attorney failed (1) to enforce the trial court's order for a bill of particulars, and (2) permitting prosecutorial misconduct in the form of allowing false testimony and perjury from State's witnesses.

The Report concluded this Ground for Relief was procedurally defaulted by Barga's failure to present it on direct appeal to either the Third District or the Supreme Court of Ohio (ECF No. 12, PageID 1291).

Barga objects that a trial judge's failure to give a proper instruction cannot be excused by counsel's failure to object (ECF No. 15, PageID 1305). A trial judge's obligation to instruct a jury correctly is indeed independent of a trial attorney's obligation to request proper instructions and to object to bad ones. But the reason for the contemporaneous objection rule is to allow a trial judge to correct an error before it infects a verdict. As noted above, the Sixth Circuit has repeatedly upheld Ohio's contemporaneous objection rule for that reason.

Barga then quotes Ohio Jury Instructions for the content of the instruction he believes should have been given. *Id.* While OJI is certainly authoritative, neither the Sixth Circuit nor the Supreme Court has ever held that failure to give an instruction in the terms recommended by OJI violates the constitutional rights of a defendant.

As with Ground One, Barga objects that the procedural default is excused by ineffective assistance of appellate counsel (Objections, ECF No. 15, PageID 1303). This argument is unpersuasive. As noted with respect to Ground One, Barga raised this claim in his 26(B) Application and the Third District decided it against him on the merits. The appellate decision is entitled to deference under 28 U.S.C. § 2254(d)(1) unless Barga can show it is an unreasonable application of *Strickland*. That he cannot do because a claim that trial counsel was ineffective for not insisting on a bill of particulars is not shown to have been either deficient performance or

9

prejudicial; Barga claims he needed it to defend, but he has not done more than make that conclusory claim.

As with Grounds One and Two, this claim is also procedurally defaulted by failure to present it to the Supreme Court of Ohio on direct appeal. Ineffective assistance of counsel can only excuse a default in a proceeding in which a defendant has a Sixth Amendment right to counsel. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner,* 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh,* 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). No such right exists for appeal to the Ohio Supreme Court which is not an appeal of right. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

**Closing General Objection**

Barga concludes his Objections by listing four questions he asserts the Magistrate Judge dodged by stating "assuming Mr. Barga is right." (Objections, ECF No. 15, PageID 1305-06.) He asserts, "Either Mr. Barga is right or he is not right" and asserts the Magistrate Judge must answer the four questions. *Id.*

In the Report the Magistrate Judge assumed for the sake of argument that Barga was right about what elements the State had to prove to convict him of engaging in a pattern of corrupt activity and therefore also correct on what the jury instructions should have included (Report, ECF No. 12, PageID 1287, 1292).[3] Barga is correct that the effect of these two assumptions is that the

---

[3] The Report also assumes for the sake of argument that a claim of ineffective assistance of appellate counsel not raised in a 26(B) application can be preserved by raising it in a motion for reconsideration under Ohio App. R.

Report did not "answer" the questions Barga claims must be answered. But the point of the recommended ruling that all of Barga's claims are barred by procedural default is that the Court does not need to answer these questions, even in the alternative. Questions of state law, particularly with statutes that are relatively new such as the engaging in a pattern of corrupt activity offense, are not the daily concern of the federal courts. Particularly in a case such as this where the petitioner did not give the state courts a proper opportunity to answer these questions of state law, there is a serious risk that the federal courts will create bad precedent by deciding questions that are not properly before them.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 18, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

---

25(A)(ECF No. 12, PageID 1291).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.