# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT L. BARGA,

        Petitioner,    :    Case No. 3:19-cv-250

  - vs -        District Judge Thomas M. Rose
                  Magistrate Judge Michael R. Merz

EMMA COLLINS, Warden,
  Pickaway Correctional Institution,

                          :
        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendations recommending dismissal of the case (ECF No. 12). After noting the Objections, the Court recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Recommittal Order, ECF No. 16). The Magistrate Judge then filed a Supplemental Report and Recommendations (ECF No. 17) to which Petitioner has also objected (ECF No. 20).

As required by Fed.R.Civ.P. 72(b), the District Judge has reviewed *de novo* every portion of the two Reports to which objection has been made by Petitioner and rules on them in this Decision.

**Litigation History**

Petitioner was indicted by the Shelby County, Ohio, grand jury in January 2017 on one

count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § 2923.32 (Count 1), three counts of forgery in violation of Ohio Revised Code § 2913.31(A)(3) (Counts 2-4), and one count of possessing criminal tools in violation of Ohio Revised Code § 2923.24 (Count 5). He was found guilty of all charges at trial and sentenced to concurrent prison terms of seven years on count one and eleven months each on the other counts. He appealed, claiming there was insufficient evidence to convict on Counts Two, Three, and Four and that the convictions on Counts Two and Three were against the manifest weight of the evidence. The Third District Court of Appeals affirmed the convictions on July 16, 2018. *State v. Barga*, 2018-Ohio-2804 (3d Dist. Jul. 16, 2018), and Petitioner took no appeal to the Supreme Court of Ohio.

On October 22, 2018, Petitioner filed an application to reopen his direct appeal under Ohio R. App.P. 26(B) to raise four claims of ineffective assistance of appellate counsel. The Third District denied that application on December 3, 2018, and his application for reconsideration on January 7, 2019. On January 22, 2019, Petitioner filed an appeal in the Supreme Court of Ohio pleading two propositions of law related to his pattern of corrupt activity conviction, but the Supreme Court declined to exercise jurisdiction. *State v. Barga,* 155 Ohio St. 3d 1414 (2019). Petitioner's state habeas corpus petition, filed directly in the Supreme Court, was also unsuccessful.

This account of the history of the case is taken from the Magistrate Judge's original Report; Petitioner raises no objections to this section of the Report.

Petitioner filed in this Court on August 19, 2019, pleading the following grounds for relief:

> **Ground One**: The trial court violated the Petitioner's rights to due process of law and fair trial when the indictment was insufficient to charge the offense and absence of sufficient evidence the Petitioner was found guilty of engaging in a pattern of corrupt activity violating the Petitioner's Fifth and Fourteenth Amendments to the

United States Constitution, Article I, Section 16 of the Ohio constitution.

**Supporting Facts:** The indictment failed to include necessary elements of the E.P.C.A offense, ("proceeds element"). As it pertained to the Petitioners case, required for a conviction of the E.P.C.A. offense. By doing so, the State lacked sufficient evidence to convict the Petitioner of E.P.C.A, nor did the Forgery offense contained in the indictment exceed one thousand dollars to be guilt of the E.P.C.A offense.

**Ground Two**: The trial court lacked subject matter jurisdiction and lacked statutory authority to convict the Petitioner of violating R.C. 29.23.32 when the trial court failed to charge the jury of the proceeds element and applicable law of the "corrupt activity" statute under R.C. 2923.31 (I)(2)(c), as it pertains to the Petitioner's case as required for a conviction Engaging in a pattern of corrupt activity. The trial court removed the States burden of proof by failing to present the jury the required proceeds element and applicable law of corrupt activity under R.C. 2921.31 (I)(2)(c), preventing the jury to act as the fact finder. As a result, the trial court violated the Petitioners rights to a fair trial and due process of law guaranteed him under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

**Supporting Facts:** The trial court gave the jury errorous [sic] definition of corrupt activity that was designed to mislead the jury. The trial court failed to instruct the jury on the Corrupt Activity status that is required before a conviction of the E.P.C.A. offense can be obtained.

**Ground Three**: The trial court violated the Petitioner's right to effective Assistance of counsel, and confrontation of adverse witnesses, when the Petitioner was found guilty of E.P.C.A and violated his right to due process of law and fair trial, violating the Petitioners Fifth and Fourteenth Amendments to the U.S. Constitution, Article I Section 10 of the Ohio Constitution, and his Sixth Amendment to the U.S. Constitution, Article I section 16 of the Ohio Constitution.

**Supporting Facts**: The trial court filed an order granting the Defense a Bill of Particulars and ordered the Shelby County prosecutor to furnish the Petitioner with a Bill of particulars. The Bill of Particulars was necessary for a proper defense where the indictment was insufficient. The Shelby County prosecutor failed to

furnish the bill of particulars as the trial court ordered. The Petitioners trial counsel was ineffective by forcing the Petitioner to trial without compelling the Shelby county prosecutor to furnish the bill of particulars preventing him from knowing the nature and conduct of the offense charged and preventing him from a proper defense. Also the Petitioners trial counsel was ineffective by allowing the prosecutor to commit misconduct by allowing the States witnesses to testify falsely and commit perjury on the stand in regards to their plea negotiations, effecting [sic] the effectiveness of the cross examination, confrontation of adverse witnesses.

**Ground Four**: The trial court lacked subject matter jurisdiction to convict the Petitioner without statutory authority when the indictment failed to charge the offense of Engaging in a pattern of corrupt activity, (count I in the indictment), in violation of R.C. 2923.32. The trial court violated the Petitioners right to a fair trial and due process of law guaranteed him under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and under Article I section 10 and 16 of the Ohio Constitution.

**Supporting Facts:** This claim is essentially the same as claim number one except without the "absence of sufficient evidence" and the Petitioner claims that that the conviction was void due to the trial courts lack of subject matter to convict the Petitioner of E.P.C.A, when the indictment fails to charge the offense. The indictment failed to charge the offense by failing to include the "required "corrupt activity offenses" necessary for a conviction of the E.P.C.A offense.

(Petition, ECF No. 1, PageID 5-9).

# Analysis

**Ground One: Insufficient Indictment and Insufficient Evidence**

Although on its face Ground One appears to challenge only the sufficiency of the indictment, the Magistrate Judge read it as challenging both the sufficiency of the Indictment and the sufficiency of the evidence and Petitioner agreed that that was the correct reading.

The original Report noted that Petitioner had included claims under the Ohio Constitution in all four grounds for relief, but noted this Court has habeas corpus jurisdiction only as to claims of violation of the federal Constitution (ECF No. 12, PageID 1281). Petitioner does not object to that conclusion and it is legally correct. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips,* 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

The Magistrate Judge initially decided Count 1 of the Indictment was sufficient to give Petitioner the constitutionally required notice of the charge against him and also that Ground One was procedurally defaulted by Petitioner's failure to raise this claim in the trial court, on direct appeal to the Third District, or on appeal to the Supreme Court of Ohio (Report, ECF No. 12, PageID 1283-86.)

In his Objections to the original Report, Petitioner claims that the Sixth Circuit has held that the contemporary objection rule is not enforced in Ohio courts where the indictment fails to charge an offense (Objections, ECF No. 15, PageID 1298). He relies on *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006). In *Williams* the circuit court held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overturn the long-held position of the Supreme Court that the Fourteenth Amendment Due Process Clause does not incorporate the Fifth Amendment's grand jury guarantee. It does not hold that Ohio courts do not enforce the contemporaneous objection rule in insufficiency of the indictment situations; in fact the language Petitioner purportedly quotes from that opinion does not appear in the case. *Williams* supports the result the Magistrate Judge reached in rejecting a hypertechnical pleading rule for indictments.

The Court agrees with the Magistrate Judge that the contemporaneous objection rule is regularly enforced by Ohio courts. See *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482

F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Petitioner also claimed in his initial Objections that his failure to contemporaneously object to the Indictment was caused by ineffective assistance of trial counsel and his failure to raise the claim on direct appeal was caused by ineffective assistance of appellate counsel (Objections, ECF No. 15, PageID 1298-99). The Magistrate Judge rejected this argument in the Supplemental Report by finding that Petitioner had presented his ineffective assistance of appellate counsel claim to the Third District Court of Appeals in an Application for Reopening under Ohio R.App.P.26(B) and that court had rejected it in a decision which was not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), as applied to appellate counsel (Supplemental Report, ECF No. 17, PageID 1313-16, relying on *Russell v. United States*, 369 U.S. 749 (1962) to hold the indictment here was sufficient as a matter of due process).

In his Objections to the Supplemental Report, Petitioner admits the Indictment in Count One charged him with engaging in a pattern of corrupt activity in the words of the relevant statute, but claims it was insufficient in that it did not "fully, directly, and expressively set forth the two or more incidents of corrupt activity (pattern of corrupt activity) which is an essential element of the E.P.C.A. offense. (Objections, ECF No. 20, PageID 1330.)

The Court agrees with the Magistrate Judge that Count 1 of the Indictment gave Petition sufficient notice of the acts alleged to constitute a pattern of corrupt activity: printing counterfeit

6

United States currency at various dates between May 1, 2016, and December 15, 2016. Therefore a claim that the Indictment did not give constitutionally sufficient notice would have been meritless, so it was not ineffective assistance of trial counsel for the trial attorney not to make it and not ineffective assistance of appellate counsel for appellate counsel to fail to raise it. Moreover Petitioner has provided no excuse for his failure to appeal at all to the Supreme Court of Ohio.

Petitioner argues that his failure to raise his insufficiency of the indictment claim on direct appeal does not bar it under Ohio's criminal *res judicata* doctrine, relying on *State v. Beasley*, 14 Ohio St. 3d 74 (1984). That case says nothing at all about *res judicata*.

Petitioner asserts he did not procedurally default his insufficient indictment claim because he raised it in his 26(B) Application (Objections, ECF No. 20, PageID 1346). That is not the legal equivalent, however, of raising it on direct appeal. The only issue that can be preserved for habeas corpus adjudication by raising it in a 26(B) application is a claim of ineffective assistance of appellate counsel. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

**Ground Two: Erroneous Jury Instructions**

In his Second Ground for Relief, Petitioner claims the jury instructions given at trial were constitutionally deficient. The Magistrate Judge recommended dismissing Ground Two on the merits because Petitioner had not shown that any deficiency in the instructions rose to a constitutional level. The Magistrate Judge also found that Ground Two was procedurally defaulted by Petitioner's failure to request an instruction, failure to object to the instruction given, and failure to raise this claim either on direct appeal to the Third District or to the Supreme Court of Ohio. The Supplemental Report adheres to that position.

Petitioner objects that he raised this claim in a direct habeas corpus petition to the Supreme Court of Ohio (Objections, ECF No. 20, PageID 1358). However, making a claim in a state habeas petition does not cure a previous procedural default of failing to raise that claim on direct appeal. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan,* 526 U.S. at 846-7).

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney failed (1) to enforce the trial court's order for a bill of particulars and (2) permitted prosecutorial misconduct in the form of allowing false testimony and perjury from State's

8

witnesses. The Magistrate Judge originally recommended upholding Respondent's procedural default defense to this claim and adhered to that position in the Supplemental Report. Petitioner particularly objects to the Magistrate Judge's conclusion that the Third District's denial of his 26(B) Application as to this claim is a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984)(Objections, ECF No. 20, PageID 1372).

The record establishes that Petitioner's trial counsel moved for a bill of particulars and the trial judge granted that motion. Apparently no bill of particulars was ever filed and Petitioner faults his trial attorney for not insisting. This claim could have been raised on direct appeal but was not, nor was any direct appeal ever taken to the Supreme Court of Ohio. But contrary to Petitioner's Objections, there is no constitutional right to a bill of particulars and much of the law cited by Petitioner about the value of bills of particulars was handed down before comprehensive discovery in criminal cases became commonplace in Ohio. It may well be that defense counsel received adequate discovery to make his insisting on a bill of particulars unnecessary. Petitioner has made no showing that in this case a bill of particulars was constitutionally necessary to enable him to defend. Petitioner admits his appellate counsel k new of the omitted bill of particulars, yet chose not to raise this as an assignment of error; Petitioner has made no persuasive showing that this would have been a stronger argument than those actually raised.

At the end of his current Objections, Petitioner claims actual innocence and miscarriage of justice. While proof of actual innocence can excuse a procedural default, it must be shown by new evidence. In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] lt

> to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

The *Souter* exception does not apply when a petitioner's assertion of actual innocence is based solely on his interpretation of the law; new exculpatory evidence is required. *Ross v. Berghuis,* 417 F.3d 552, 555 (6th Cir. 2005). Petitioner has presented no new evidence of the type and quality required by *Schlup*.

**Conclusion**

Having reviewed the Magistrate Judge's Report and Supplemental Report do novo in light of Petitioner's Objections, the Court finds the Objections are not well-taken and they are overruled. The Report and Supplemental Report are adopted and, in accordance width their recommendations, the Petition herein is dismissed with prejudice. Pursuant to Fed.R.Civ.P. 58, the Clerk shall enter judgment to that effect.

Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma*

*pauperis.*

April 13, 2020                                                              *s/Thomas M. Rose

                                                                                                                                       _____
                                                                                                                                        Thomas M. Rose
                                                                                                                   United States District Judge